IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LEE VEGELSANG,

    Petitioner,                      No. 2:12-cv-1573 EFB P

    vs.

WILLIAM KNIPP,

    Respondent.                ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4). Petitioner seeks leave to proceed *in forma pauperis*. He makes the required showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

    Currently pending before the court is petitioner's application for a writ of habeas corpus. For the reasons explained below, the court finds that it must be dismissed without leave to amend. *See* Rule 4, Rules Governing § 2254 Cases.

    A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge

1  entertaining a habeas petition "shall forthwith award the writ or issue an order directing the
2  respondent to show cause why the writ should not be granted, unless it appears from the
3  application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  The
4  petition must be dismissed if on initial review the court finds that "it plainly appears from the
5  petition and any attached exhibits that the petitioner is not entitled to relief in the district court."
6  Rule 4, Rules Governing § 2254 Proceedings.  An application for federal habeas relief must
7  specify all grounds for relief, state facts supporting each ground and state the relief requested.
8  Rule 2, Rules Governing § 2254 Cases.  While under Ninth Circuit precedent, this court must
9  liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*,
10 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations
11 not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James
12 v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

13      In this case, the court lacks habeas jurisdiction because petitioner only challenges a
14 condition of his confinement.  Specifically, petitioner contends that a prison policy of not
15 allowing inmates to maintain their legal files on a CD-ROM violates his constitutionally
16 protected rights.  Pet., Dckt. No. 1 at 5.  Even if petitioner were successful in this challenge, such
17 a result would not shorten his sentence.  Accordingly, this court lacks habeas jurisdiction over
18 the claims raised in the petition.  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003)
19 ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will not
20 necessarily shorten the prisoner's sentence.").  As it is clear that petitioner cannot allege that the
21 challenged condition of confinement affect the duration of his imprisonment, the petition will be
22 dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)
23 (stating that an indigent prisoner proceeding without counsel must be given leave to file
24 amended complaint unless the court can rule out any possibility that the plaintiff could state a
25 claim).  This order is without prejudice to petitioner filing a civil rights action challenging the
26 prison's policy.

Accordingly, it is hereby ORDERED that:

1. Petitioner motion to proceed *in forma pauperis* is granted;

2. The petition is dismissed without leave to amend;

3. All other pending motions are denied as moot;

4. The Clerk is directed to close the case; and

5. The court declines to issue a certificate of appealability.

Dated: August 2, 2012.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3